```
                                  United States Bankruptcy Court
                                      Northern District of Ohio
In re:                                                                    Case No. 14-14764-pmc
Shelieta S Goudlock                                                       Chapter 13
         Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0647-1          User: kbran                 Page 1 of 1             Date Rcvd: Jul 28, 2014
                              Form ID: pdf700             Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 30, 2014.
db           +Shelieta S Goudlock,    521 E. 250th Street,    Euclid, OH 44132-2205
23174755      ARC,    1058 Claussen Road,    Suite 110,    Augusta, GA 30907-0301
23174754     +Account Resolution Services,    1643 Harrison Parkway,    Suite 100,
               Fort Lauderdale, FL 33323-2857
23174756     +ConServe,    PO Box 7,   Fairport, NY 14450-0007
23174757     +Contract Callers,    501 Greene Street,    3rd Floor,   Suite 302,    Augusta, GA 30901-4415
23174758     +Convergent Outsourcing,    P.O. Box 9004,    Renton, WA 98057-9004
23174760     +Eagle Loan Company of Ohio,    6817 Pearl Road,    Middleburg Heights, OH 44130-3616
23174761      First Merit Bank,    III Cascade Plaza,    Suite 3,   Akron, OH 44308-1124
23174763     ++GLOBAL LENDING SERVICES LLC,    C O RESURGENT CAPITAL SERVICES,    55 BEATTIE PLACE,    STE 110,
               GREENVILLE SC 29601-5115
             (address filed with court: Global Lending Services,     P.O. Box 10437,    Greenville, SC 29603)
23174762     +Garfield Heights Municipal Court,    5555 Turney Road,    Garfield Heights, OH 44125-3798
23174764     +Great Lakes Higher Education,    P.O. Box 7860,    Madison, WI 53707-7860
23174766     +Jeff Di Fiore,    5247 Wilson Mills #406,    Cleveland, OH 44143-3016
23174767     +Loan Smart Inc.,    23821 Lorain Road,    North Olmsted, OH 44070-2227
23174769     +MRS BPO,    1930 Olney Avenue,   Cherry Hill, NJ 08003-2016
23174772      NY State Higher Ed,    99 Washington,    Albany, NY 12255-0001
23174770     +National Collegiate Student Loan Trust,     7595 Montevideo Road,    Jessup, MD 20794-9396
23174773     ++REIMER ARNOVITZ CHERNEK AND JEFFREY,    30455 SOLON ROAD,    SOLON OH 44139-3458
             (address filed with court: Reimer, Arnovitz, Chernek & Jeffrey,     P.O. Box 39696,
               30455 Solon Rd.,    Solon, OH 44139)
23174774     +State of Ohio,    6305 Emerald Parkway,    Dublin, OH 43016-3241
23174775     +U.S. Department of Education,    2401 International,    P.O. Box 7859,    Madison, WI 53707-7859

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23174759     +E-mail/Text: bankruptcy_notifications@ccsusa.com Jul 28 2014 22:06:01
               Credit Collection Service,    P.O. Box 9134,    Needham Heights, MA 02494-9134
23174765     +E-mail/Text: Bankruptcy@icsystem.com Jul 28 2014 22:05:10      IC Systems Collections,
               P.O.Box 64378,    Saint Paul, MN 55164-0378
23174771     +E-mail/Text: bankruptcydepartment@ncogroup.com Jul 28 2014 22:05:36      NCO Financial Systems,
               P.O. Box 15943,   Wilmington, DE 19850-5943
                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23174768      Marian Goudlock
                                                                                              TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 30, 2014                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 25, 2014 at the address(es) listed below:
              Craig H Shopneck    ch13shopneck@ch13cleve.com, cshopneck13@ecf.epiqsystems.com
              Patrick D. Miller    on behalf of Debtor Shelieta S Goudlock pmiller@ohiolegalclinic.com,
               nkrenisky@ohiolegalclinic.com;rausermail@ohiolegalclinic.com;jrauser@ohiolegalclinic.com;rauserla
               w@gmail.com;rauser@bestclientinc.com;rauserandassociates@gmail.com;mresar@ohiolegalclinic.com;rau
               serecfmail@gmail.com
                                                                                              TOTAL: 2
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

**In Re:** ) **Chapter 13 Case No.:** 14 - 14764 - PMC
Shelieta Goudlock )
) **Judge** Morgenstern-Clarren
)
**Debtor(s).** ) [✓] Original Chapter 13 Plan
) [ ] Modified Chapter 13 Plan, dated _____

*********************************************************************************

**NOTICE OF SPECIAL PROVISIONS: (Check One)**

[ ] This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

[✓] This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

**NOTICE OF DISCHARGE ELIGIBILITY**
The Debtor is eligible for discharge unless otherwise indicated below:

[ ] Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

[ ] Joint Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

**ATTENTION CREDITORS AND PARTIES IN INTEREST**
This plan sets forth how the Debtor or Debtors ("Debtor") propose to pay claims. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection with the court. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. Creditors must file a proof of claim with the court in order to receive distributions under this plan.

**1. PAYMENTS**
**A.** The Debtor shall make monthly payments to the Chapter 13 Trustee ("Trustee") in the amount of $815.00 per month ("Plan Payment") for at least the duration of the applicable commitment period, unless all allowed claims are paid in full in a shorter period of time.

**B.** (Check One)
[✓] The applicable commitment period is 36 months.

[ ] The applicable commitment period is 60 months.

**C.** Unless the court orders otherwise, the plan will not be considered complete until either (i) all allowed claims are paid in full, or (ii) the plan has run for at least the applicable commitment period and at least the amount specified in paragraph 7 has been paid to unsecured creditors.

**D.** Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any conduit payments paid by the Trustee.

1

## 2. DISTRIBUTIONS

**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraph 5(C); (v) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (vi) monthly payments as provided for in paragraph 6; and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. The Trustee may distribute amounts different from the monthly payments specified in the plan if the Trustee determines such deviation is appropriate or reasonably necessary for the administration of the plan.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court orders otherwise, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan. Conversely, distributions on account of claims in paragraphs 3(B), 4(B) and 4(C) will be based upon the classification and amount stated in the plan rather than the classification and amount stated in the claim holder's proof of claim. Unless otherwise set or mandated by statute, interest on all secured personal property claims provided for in this plan shall be paid pursuant to paragraph 4(D).

## 3. CLAIMS SECURED BY REAL PROPERTY

**A. Mortgage Arrearages and Real Estate Tax Arrearages (Paid per the Proof of Claim)**
Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| NONE | | | |

**B. Other Real Estate Claims (Paid per the Plan)**
Trustee shall pay the monthly payment amount to creditors up to the amount and interest rate as specified below. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the amount, interest rate and monthly payment specified below will be binding under 11 U.S.C §1327.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| NONE | | | | |

**C. Conduit Payments**
Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case (or the first payment due after the filing of a modified plan if the modified plan proposes to change the treatment of a mortgage from "non-conduit" to "conduit"). Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) |
|---|---|---|
| NONE | | |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY

#### A. Secured Claims (Paid per the Proof of Claim)

Claims specified below are debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Trustee shall pay the following claims, with interest per paragraph 4(D), in equal monthly payments as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| Global Lending Services | 2010 Chevy Malibu | $580.00 |

#### B. Other Secured Claims (Paid per the Plan)

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims up to the secured amount, with interest per paragraph 4(D), in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the secured amount and monthly payment specified below will be binding under 11 U.S.C. §1327.

| Creditor | Collateral Description | Secured Amount | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| NONE | | | |

#### C. Pre-confirmation Adequate Protection Payments (Paid per the Plan)

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| Global Lending Services | 2010 Chevy Malibu | $580.00 |

#### D. Interest

The interest rate to be paid on all secured personal property claims provided for in this plan shall be the prime rate plus a risk factor of 2.0%. The applicable prime rate shall be fixed for the life of this plan at the U.S. prime rate shown in the Wall Street Journal for Money Rates as of the date of the entry of the confirmation order. Only through separate order may a party-in-interest obtain court approval to apply a different interest rate. This provision shall not alter interest rates set or mandated by statute.

### 5. DOMESTIC SUPPORT OBLIGATIONS (Paid per the Proof of Claim)

A. Debtor ☐ does ☑ does not have domestic support obligations under 11 U.S.C. §101(14A).

3

14-14764-pmc    Doc 10    FILED 07/30/14    ENTERED 07/31/14 00:25:24    Page 4 of 6

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) unless the holder is a minor. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee in a private document contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address |
|---|---|
| NONE | |

**C.** Trustee shall pay the monthly payment amount to creditors for domestic support obligation arrearages as specified below. Debtor shall pay the holder(s) of non-arrearage claims for domestic support obligations as those payments ordinarily come due unless otherwise specified in paragraph 11 - Special Provisions.

| Creditor | Creditor Address | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|
| NONE | | |

### 6. OTHER PRIORITY CLAIMS (Paid per the Proof of Claim)
Trustee shall pay the monthly payment amount to creditors for allowed unsecured priority claims as specified below.

| Creditor | Monthly Payment (Paid by Trustee) |
|---|---|
| NONE | |

### 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be $ 101,576.30 . Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $ 4,065.00 or  4 %, whichever is greater. Trustee is authorized to increase the amount paid to unsecured creditors in order to comply with paragraph 1 of this plan

### 8. PROPERTY TO BE SURRENDERED
A. Debtor surrenders the property described below and the creditor may file a claim for the deficiency, which will be treated as a non-priority unsecured claim. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| NONE | |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (Pay per the Proof of Claim)
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages as specified below. Debtor shall pay all post-petition payments that ordinarily come due.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| NONE | | | |

4

**10. OTHER PLAN PROVISIONS**

**A.** Property of the estate shall revest in the Debtor ☐ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not made a designation, property of the estate shall revest in the Debtor upon confirmation. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case. All property in which the Debtor retains possession shall be insured by the Debtor. Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss relating to property which is in the possession and control of the Debtor.

**B.** Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**C.** Trustee shall pay any post-petition claim filed and allowed under §1305(a)(1).

**D.** The following co-debtor claims will be paid by the co-debtor outside the plan:

| Creditor | Property Description |
|---|---|
| NONE | |

**11. SPECIAL PROVISIONS**

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1 of this plan.** Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

> The unsecured debt held by Global Lending Services and listed in debtor's petition is a disputed debt. The Trustee is to make no distributions to Global Lending Services, its successors or assignees on this unsecured debt.
>
> The unsecured debt held by Cox Communications Cleveland and its assignee IC Systems is a disputed debt. The Trustee is to make no distributions to Cox Communications Cleveland, its successors or assignees on this unsecured debt.

/s/ Shelieta S. Goudlock
DEBTOR

DEBTOR

Date: 07/24/2014

/s/ Patrick D. Miller (0088408)
ATTORNEY FOR DEBTOR